1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                    **CENTRAL DISTRICT OF CALIFORNIA**
8
9    FRANCESCA LISO,                    )    Case No. CV 24-7668 FMO (Ex)
                                        )
10              Plaintiff,              )
                                        )
11         v.                           )
                                        )    **DISMISSAL OF ACTION**
12   HUNTER WARFIELD, INC.              )
                                        )
13              Defendant.              )
                                        )
14   _____  )

15         On July 8, 2024, pro se plaintiff Francesca Liso ("plaintiff") filed the instant action in the Los

16   Angeles County Superior Court against defendant Hunter Warfield, Inc. ("defendant"), asserting

17   state law claims.  (Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint).  On

18   September 9, 2024, defendant removed the action on diversity jurisdiction grounds pursuant to

19   28 U.S.C. §§ 1332 and 1441(b).  (See Dkt. 1, NOR at ¶¶ 3-4).  Since removal, the court has

20   issued several notices and orders, (see Dkt. 4, 6, 9, 13, 17), including an order setting a

21   scheduling conference.  (See Dkt. 9, Court's Order of September 16, 2024).  Each notice and

22   order was mailed to plaintiff at her address of record, and each was returned to the court

23   undelivered.  (See Dkt. 10, 11, 14, 15, 18).  The handwriting on the envelopes state: (1) "Please

24   return to Sender" (Dkt. 10); (2) "Please return to Sender" (Dkt. 11); (3) "NOT AT THIS ADDRESS.

25   Please return to Sender" (Dkt. 14); (4) "PLEASE RETURN TO SENDER WRONG ADDRESS"

26   (Dkt. 15); and (5)  "RETURN TO SENDER NOT AT THIS ADDRESS."  (Dkt. 18).

27         It is well established that district courts have authority to dismiss actions for failure to

28   prosecute or to comply with a court's orders.  Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co.,

1  370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) (authority to dismiss for failure to prosecute

2  necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik

3  v. Bonzelet, 936 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to

4  comply with any court order).  As relevant here, the court may dismiss an action when a pro se

5  plaintiff fails to keep the court informed of his or her current address.  Rule 41-6 of the Local Civil

6  Rules of this District provides:

7        A party proceeding pro se must keep the Court and all other parties

8        informed of the party's current address as well as any telephone

9        number and email address.  If a Court order or other mail served on

10       a pro se plaintiff at [her] address of record is returned by the Postal

11       Service as undeliverable and the pro se party has not filed a notice of

12       change of address within 14 days of the service date of the order or

13       other Court document, the Court may dismiss the action with or

14       without prejudice for failure to prosecute.

15       Here, plaintiff has failed to comply with Local Rule 41-6 by failing to notify the court of her

16  current address.  Well over 14 days have lapsed since the court's notices and orders were

17  returned to the court with the handwritten notations directing them to be returned to sender and/or

18  indicating that the address was incorrect.  (See Dkt. 10, 11, 14, 15, 18).  Indeed, the first returned

19  document was received by the court on September 23, 2024, (Dkt. 10) – over four months ago,

20  and the latest returned order was received by the court on November 12, 2024.[1]  (Dkt. 18).

21       Based on the foregoing, IT IS ORDERED THAT the above-captioned case is **dismissed**

22  **without prejudice**.  Judgment shall be entered accordingly.

23  Dated this 31st day of January, 2025.

24

25                                              /s/
                                          Fernando M. Olguin
26                                    United States District Judge

27

28   [1]  According to defendant, plaintiff has not responded to counsel's repeated attempts to
    communicate with her regarding this action.  (See Dkt. 19, Defendant's Status Report).